Richard B. HOGAN, Petitioner-Appellant,

v.

E. R. ATKINS, Respondent-Appellee.

No. 27162.

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 7, 1969.

John H. Ruffin, Jr., Augusta, Ga., for appellant.

Franklin H. Pierce, Augusta, Ga., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

■ Hogan appeals from the denial of his petition for a writ of habeas corpus. He was convicted under a state statute for possession of burglary tools.[1] He contends that the statute is unconstitutionally vague and broad and that the evidence used against him was seized pursuant to an illegal search. We affirm.[2]

On May 27, 1967, at 3:53 A.M. two deputy sheriffs on routine patrol of a residential district in Richmond County, Georgia, observed an automobile proceeding in their direction with its headlights blinking on and off. In an effort to stop the automobile, the deputies turned on the patrol car's red light and shined a spotlight on the automobile as it passed. These measures having failed, the deputies turned the patrol car around and followed the automobile until it stopped. Hogan got out, leaving the door open. One of the deputies shined a flashlight into the automobile to identify the other occupants. Through the open door the deputy could "very plainly see a pair of bolt cutters, two crowbars, a chisel, a hammer and several screwdrivers." He also saw numerous rolls of change on the front seat, and a cash box on the floorboard. The forty three dollars and fifty cents of change and the cash box were from a store which had been burglarized some time between 11:00 P.M. on the 26th and 4:00 A.M. on the 27th. The deputies were not aware of the burglary at that time. Hogan and the other occupants of the automobile were immediately arrested and he was later convicted of having burglary tools in his possession in violation of Georgia Code Ann., § 26–2701.[3] Upon exhausting his state remedies, Hogan filed his petition for a writ of habeas corpus which was denied by the District Court.

■ ■ Hogan's principle contention is that the Georgia statute is unconstitutionally vague and broad. He urges that under this statute the police can arrest and the courts can convict for the possession of tools which may ordinarily be used in a legal trade or business. But this ignores the express requirement of scienter. The statute makes the possession of certain tools a crime only when the possession is coupled "* * * with the intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used." The Constitution requires only that a statute be drawn so that it "* * * conveys

1. The Supreme Court of Georgia affirmed the conviction and state habeas corpus was denied.

2. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804.

3. Ga.Code Ann., § 26–2701. *Making, mending, or possessing tools used in opening safes and vaults.* It shall be unlawful for any person to make or mend, or cause to be made or mended, or to have in his possession in the day or nighttime, any engine, machine, jimmy, tool, false key, pick-lock, bit, nippers, nitroglycerin, dynamite cap, dynamite, or other explosive, fuse, steel wedges, drills, tap-pins, or other implements or things adapted, designed, or commonly used for the commission of burglary, larceny, safe-cracking, or other crime, with the intent to use or employ or allow the same to be used or employed in the commission of a crime, or knowing that the same are intended to be so used. Any person guilty of a violation of this section shall be deemed guilty of a felony, and shall, upon conviction thereof, be punished by imprisonment in the penitentiary for a term of not less than three years nor more than 10 years.

**578**

sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." United States v. Petrillo, 332 U.S. 1, 8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877. The statute meets this test.

■ The petitioner next contends that the tools, money and cash box were seized by the police in an unlawful search made pursuant to an illegal arrest. This argument is clearly without merit. In Nicholson v. United States, 5 Cir. 1966, 355 F.2d 80, we held under similar circumstances that restraint of the occupants of an automobile which had been proceeding in an erratic manner in the early morning hours did not exceed routine questioning and that a burglary tool and a post office check machine in plain view gave the officers probable cause to make a valid arrest. Thus the subsequent search was lawful.

We have considered the various other oblique objections made by Hogan and find them to be devoid of merit.

Affirmed.